UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| ALZHEIMER'S DISEASE AND RELATED DISORDERS ASSOCIATION, INC., | Case No.: 17-cv-1690-BTM-JLB |
|---|---|
| Petitioner, | **ORDER GRANTING IN PART PETITIONER'S MOTION TO STRIKE AND GRANTING PETITION TO CONFIRM ARBITRATION AWARD [ECF NOS. 1–2, 7]** |
| v. | |
| ALZHEIMER'S DISEASE AND RELATED DISORDERS ASSOCIATION OF SAN DIEGO, INC., | |
| Respondent. | |

Presently before the Court are Petitioner Alzheimer's Disease and Related Disorders Association, Inc.'s ("National") petition/motion to confirm an arbitration award (ECF Nos. 1–2) and motion to strike Respondent Alzheimer's Disease and Related Disorders Association of San Diego Inc.'s ("Chapter") answer (ECF No. 7.) For the reasons discussed below, Petitioner's motion to strike is granted in part and its petition/motion to confirm an arbitration award is granted.

//
//

## I. BACKGROUND

In 1998, Petitioner and Respondent entered into a contractual Statement of Relationship ("SOR") to memorialize their affiliation.  (ECF No. 1 ("Petition") ¶ 6.)  The parties modified the SOR on June 1, 2012.  (Id. ¶¶ 6–7.)  Under section 9.1 of the Amended SOR, the parties agreed to the following provision:

> 2. Disaffiliation: Section 9.1 of the SOR shall be deleted in its entirety and the following language shall be added as a new Section 9.1:
>
> "Upon the determination of either party to sever the relationship established by this Agreement, the disposition of Chapter Assets shall be determined by mutual agreement of the parties, or, in the absence of such mutual agreement, through binding arbitration.
>
> The disposition of such assets through binding arbitration is limited to: (a) transfer of all Chapter Assets to national; (b) funding Alzheimer's Association research; (c) some combination of the above options"

(Id., Ex. 2 at 12.)

On December 2, 2015, Respondent served Petitioner with a Notice of Disaffiliation, effective December 3, 2015.  (Id. ¶ 9.)  On May 16, 2016, Respondent commenced arbitration proceedings with JAMS because the parties were unable to reach an agreement regarding the disposition of chapter assets.  (Id. ¶ 11.)  On January 19, 2017, the arbitrator issued a partial final award.  (Id. ¶ 13, Ex. 3.)  The partial final award ordered Respondent to remit to Petitioner approximately $1.7 million in chapter assets, which were previously placed with two donor-advised funds, and the net cash in the amount of $578,547.50.  (Id., Ex. 3 at 26.)  The partial award was intended to be final as to the issues and claims submitted for decision.  (Id.)  The arbitrator, however, retained "jurisdiction to make any additional awards as may be necessary and appropriate to supervise, enforce, carry out, or complete the disposition of assets ordered here." (Id.)

On March 20, 2017, Respondent remitted what remained of the $1.7 million to Petitioner.  (Petition ¶ 15.)  Respondent transferred no other assets to satisfy the partial award.  (Id. ¶ 16.)  On June 7, 2017, the arbitrator incorporated by reference the January 19, 2017 partial final award and issued a final award.  (Id., Ex. 4 at 29–30.)  The final award noted that Respondent had failed to remit the net cash it was previously ordered to pay and ordered Respondent to "immediately transfer its Currently Available assets up to the amount of $578,547.50 to [Petitioner] to partially satisfy the Net Cash remittance order."  (Id. at 30.)  The arbitrator also enjoined Respondent from "dissipating or otherwise encumbering Currently Available Assets before such transfer for any purpose, including to satisfy outstanding bills, invoices or other debts, whether for attorney fees or for any other purpose."  (Id.)  On June 26, 2017, Respondent sent a wire transfer to Petitioner in the amount of $173,547.80.  (Petition ¶ 21.)  To date, Petitioner has not received any further payment to satisfy the award.  (Id. ¶ 22.)

On August 22, 2017, Petitioner filed a petition to confirm an arbitration award against Respondent to ensure that it may collect the remainder of the award.  On November 6, 2017, Respondent filed an answer asserting fourteen affirmative defenses including two grounds for modifying and vacating the arbitration award.  (ECF No. 5.)  On November 27, 2017, Petitioner filed a reply and a motion to strike Respondent's answer.  (ECF Nos. 6–7.)

## II. DISCUSSION

**A. Motion to Strike**

Federal Rule of Civil Procedure 12(f) authorizes courts to order stricken "from any pleading any insufficient defense or any redundant, immaterial,

3

17-cv-1690-BTM

impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A motion to strike may be granted if "it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *LeDuc v. Kentucky Central Life Ins. Co.*, 814 F. Supp. 820, 830 (N.D. Cal. 1992). "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). However, "[m]otions to strike are generally disfavored." *Leghorn v. Wells Fargo Bank, N.A.*, 950 F. Supp. 2d 1093, 1122 (N.D. Cal. 2013).

Petitioner seeks to strike Respondent's Answer and Affirmative Defenses. Petitioner argues that because a court's review of an arbitration award is limited under the FAA, the court cannot revisit the merits of the case and Respondent's affirmative defenses are thus improperly raised. Moreover, Petitioner seeks to strike as conclusory even those defenses that reference appropriate grounds for vacating and modifying an award under the FAA.

Under the Federal Arbitration Act ("FAA"), if a party seeks a judicial order confirming an arbitration award, "the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in section 10 and 11 of this title." 9 U.S.C. § 9. "Confirmation is a summary proceeding that converts a final arbitration award into a judgment of the court." *Ministry of Def. & Support for the Armed Forces of the Islamic Republic of Iran v. Cubic Def. Sys., Inc.*, 665 F.3d 1091, 1094 n.1 (9th Cir. 2011) (internal citation omitted).

"Review of an arbitration award is both limited and highly deferential." *Comedy Club, Inc. v. Improv. W. Assocs.*, 553 F.3d 1277, 1288 (9th Cir. 2009) (internal citation omitted). The FAA "enumerates limited grounds on which a federal court may vacate, modify, or correct an arbitral award." *Kyocera Corp. v. Prudential-Bache Trade Servs., Inc.*, 341 F.3d 987, 994 (9th Cir. 2003) (en banc). "Neither erroneous legal conclusions nor unsubstantiated factual findings justify

4

federal court review of an arbitral award under the statute, which is unambiguous in this regard." *Id.* The FAA permits vacatur only:

> (1) where the award was procured by corruption, fraud, or undue means; (2) where there was evident partiality or corruption in the arbitrators, or either of them; (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10.

A court may modify or correct an award upon application of any party to the arbitration:

> (a) [w]here there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award[;] (b) [w]here the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted[; or] (c) [w]here the award is imperfect in matter of form not affecting the merits of the controversy.

9 U.S.C. §11.

After reviewing Respondent's Answer, the Court grants Petitioner's motion to strike as to Respondent's first eleven affirmative defenses. As noted, the FAA substantially limits a court's review to either vacating or modifying an arbitration award. Accordingly, these affirmative defenses are immaterial to the action since they do not constitute adequate grounds for vacating or modifying the arbitration award.

In its Opposition, Respondent moves the court for leave to amend its answer, particularly to expand on its affirmative defenses and formally object to

the entry of a judgment. It appears Respondent blames Petitioner for its failure to adequately raise these objections in its initial response. Respondent takes issue with Petitioner's filing of a "petition" to confirm an arbitration award, rather than a "motion" to confirm an arbitration award. The Court is not persuaded by these semantics. Whether labeled as a petition or a motion, Petitioner applied to the Court for an order confirming the arbitration award. Indeed, the "petition" was docketed as both a "petition" and a "motion" on August 22, 2017. Respondent waived service on September 7, 2017. Respondent, therefore, received notice of Petitioner's application. Moreover, Respondent has not cited to any authority supporting its proposition that an application to confirm an arbitration award can only be filed as a "motion." Respondent has argued why the award should not be confirmed. The Court finds that the arguments lack merit. Therefore, any amendments would be futile.

**B. Confirmation of Arbitration Award**

In its Opposition, Respondent challenges the final award by arguing that the arbitrator exceeded the scope of his authority. Respondent does not oppose Petitioner's request to enter judgment on the outstanding amount owed under the award. Instead, Respondent argues that the "final award" should be modified under section 11(b) of the FAA because it encompasses injunctive relief that would potentially preclude it from satisfying its monetary obligations to third parties. Respondent moves the Court to exclude from the judgment any language enjoining it from satisfying its monetary obligations to third parties out of the identified "Currently Available Assets." Because Respondent seeks a modification, it bears the burden of establishing the grounds to modify the arbitration award. *See U.S. Life Ins. Co. v. Superior Nat'l Ins. Co.*, 591 F.3d 1167, 1173 (9th Cir. 2010).

Respondent's argument fails because the arbitrator did not rule on a matter not submitted to him. The parties agreed to arbitrate the disposition of

Respondent's assets which was limited to: "(a) transfer of all Chapter Assets to national; (b) funding Alzheimer's Association research; (c) some combination of the above options."  (Petition, Ex. 2 at 12.)  Based on the parties' Amended SOR and arbitration clause, the arbitrator found that "upon [Respondent's] disaffiliation from [Petitioner], [Petitioner] became, in essence, the successor trustee to administer [Respondent's] collected donations."  (Id., Ex. 3 at 25.)  As such, the arbitrator issued a partial final award and ordered Respondent to remit all chapter assets as of December 3, 2015 including net cash in the amount of $578,547.50[1].  (Id. at 26.)  The arbitrator retained jurisdiction to "facilitate any final steps that may be required to complete any matters relating to this arbitration."  (Id. at 25.)  Because Respondent had not fully satisfied the partial final award, the arbitrator issued a final award ordering Respondent to immediately transfer the net cash and enjoining it from "dissipating or otherwise encumbering Currently Available Assets before such transfer for any purpose, including to satisfy outstanding bills, invoices or other debts, whether for attorney fees or for any other purpose."  (Id., Ex. 4 at 30.)

     Under JAMS Rule 24(c), to which the parties appear to have consented, the arbitrator was authorized to "grant any remedy or relief that is just and equitable and within the scope of the Parties' agreement, including but not limited to, specific performance of a contract or any other equitable or legal remedy."  (Opp'n, ECF No. 9, Ex. B at 26.)  Additionally, "[t]he arbitrator may grant whatever interim measures are deemed necessary, including injunctive relief and measures for the protection or conservation of property and disposition of disposable goods."  (Id. at 27.)  Because in enjoining Respondent the arbitrator awarded upon a matter submitted before him, the award may not be modified

---

[1] "The parties agreed that the net cash . . . on hand at the disaffiliation date was $578,547.50."  (Petition, Ex. 3 at 25.)

under 9 U.S.C. § 11(b).

Furthermore, courts have recognized an arbitrator's power to award equitable relief, including injunctive relief against a party to an arbitration agreement. *See Biller v. Toyota Motor Corp.*, 668 F.3d 655, 660–61, 670 (9th Cir. 2012) (affirming an arbitration award that included a permanent injunction); *see also Ferguson v. Corinthian Colleges, Inc.*, 733 F.3d 928, 937 (9th Cir. 2013) ("[A]n arbitrator generally has the authority to enter injunctive relief against a party that has entered into an arbitration agreement . . . however, an arbitrator may do so only if the arbitration agreement at issue permits it."); *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 32 (1991) (recognizing that arbitrators have the power to fashion equitable relief).

Lastly, Respondent appears to argue that the injunction is invalid because enforcement of the award must be done through a writ of execution in accordance with Federal Rule of Civil Procedure 69(a). Respondent has not cited to any authority stating that Rule 69(a) precludes an arbitrator from enjoining a party to ensure the conservation of an arbitration award. As such, Respondent's argument is unavailing.

Accordingly, Petitioner's application to confirm the arbitration award is granted.

//
//
//
//
//
//
//
//
//

## IV. CONCLUSION

For the reasons discussed above, Petitioner's motion to strike (ECF NO. 7) is **GRANTED** in part and its petition/motion to confirm an arbitration award (ECF Nos. 1–2) is **GRANTED**. Petitioner shall submit a proposed judgment within ten days of the entry of this Order.

**IT IS SO ORDERED**.

Dated: March 29, 2018

Barry Ted Moskowitz, Chief Judge
United States District Court